UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ABDUL AZIZ, | : |
| Plaintiff, | : Civ. No. 14-7296 (KM) (MAH) |
| v. | : **OPINION** |
| ELIZABETH POLICE DEPARTMENT, et al., | : |
| Defendants. | : |

**KEVIN MCNULTY, U.S.D.J.**

### I. INTRODUCTION

Plaintiff, Abdul Aziz, is currently detained at the Union County Jail in Union, New Jersey. Mr. Aziz is proceeding *pro se* with a civil rights complaint filed pursuant to 42 U.S.C. § 1983 and state law. This matter was previously administratively terminated as Mr. Aziz's application to proceed *in forma pauperis* was incomplete. Mr. Aziz has now filed a second application to proceed *in forma pauperis*. Thus, the Clerk will be ordered to reopen this case. The application will be granted and the Clerk will be ordered to file the complaint.

The Court must review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. For the reasons set forth below, the federal claims will be dismissed without prejudice for failure to state a claim upon which relief may be granted. The Court will also decline to exercise supplemental jurisdiction over Mr. Aziz's state law claims.

## II.   BACKGROUND

The allegations of the complaint will be construed as true for purposes of this screening. The complaint names the following defendants: (1) Elizabeth Police Department; (2) James Cosgrove; (3) Linda Lensch; (5) Humerto Alvarez; (6) Paul McCrae; (7) Johnny Arrante; (8) Niami Guillame; and (9) unknown Officer #3.

Mr. Aziz's claims center on an incident that occurred at the Elizabeth Police Department Headquarters on July 11, 2011. Mr. Aziz states that he walked into the Elizabeth Police Department headquarters on July 11, 2011 to report an incident that had just occurred. The incident involved the shooting of his girlfriend. Defendant Alvarez was sitting at the reception desk. Mr. Aziz was then checked for outstanding warrants by Alvarez. A verbal altercation between Alvarez and Mr. Aziz then ensued whereby Alvarez yelled at him and told him to leave.

Mr. Aziz left the police headquarters but returned shortly thereafter. Mr. Aziz then explained his situation to a new officer, McCrae. As McCrae was checking Mr. Aziz's identification, Alvarez returned and spoke to McCrae. After their brief discussion, McCrae returned to Mr. Aziz and dismissed and discounted his report. Mr. Aziz then states that he became frustrated and agitated at this point. Subsequently, a third unnamed officer intervened and took down Mr. Aziz's information and identification.

Nonetheless, Mr. Aziz was once again sent off by the Elizabeth Police. Mr. Aziz states that it was only when the police received a 911 call that they realized that Mr. Aziz's initial report was credible. Subsequently, on July 16, 2011, Mr. Aziz was arrested for the murder of his girlfriend. Mr. Aziz states that it was only after the 911 call that the Elizabeth Police began their "cover-up."

Mr. Aziz has also attached to his complaint an investigation report by the Union County Prosecutor's Office, dated October 28, 2011. The report states that on July 17, 2011, the prosecutor's office was notified that Mr. Aziz had advised the desk officer on July 11, 2011 that he had shot his girlfriend, but was turned away. The report indicates that internal affairs obtained a DVD copy of the surveillance footage from the Elizabeth Police Department Main desk area for July 11, 2011. According to the report, the internal affairs officer spoke to McCrae, Arrante, and Guillame, who were near Alvarez when Mr. Aziz was at police headquarters. The report states that none of them heard Mr. Aziz tell Alvarez he shot his wife. The report relates that someone from the prosecutor's office interviewed Alvarez, who said that Mr. Aziz told him he had an outstanding warrant and wanted to be arrested. Alvarez checked for outstanding warrants but found none. Alvarez reported that, while Mr. Aziz did say something about his girlfriend, he was not more specific, and that Alvarez assumed it was a domestic violence matter.

Mr. Aziz also names as defendants James Cosgrove and Sergeant Linda Lensch who are Elizabeth Police Department ranking officers. He claims that they have obstructed and refused to cooperate in an active internal affairs investigation. Mr. Aziz claims that they have refused requests to provide Mr. Aziz with the entire and unedited video surveillance tapes of the Elizabeth Police Department's lobby and courtyard area between the hours of 19:00 – 21:00. He further asserts that Lensch intercepted a letter from him to the watch commander and redirected it to the Assistant Prosecutor. Mr. Aziz states that he got a copy of the Union County Prosecutor's Office investigation report on October 8, 2014.

Mr. Aziz seeks to have this Court "prosecute" the officers for knowingly and purposefully refusing to perform their duties. He also seeks monetary damages in the amount of $5.5 million.

### III. STANDARD OF REVIEW

A. <u>Standard for Sua Sponte Dismissal</u>

Per the Prison Litigation Reform Act, Pub. L. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (per curiam) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (per curiam) (discussing 42 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), as explicated by the United States Court of Appeals for the Third Circuit.

To survive the court's screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764

4

F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

*Pro se* pleadings, as always, will be liberally construed. Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

B. Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

## IV.     DISCUSSION

A. <u>Screening of Federal Claims</u>

The Court assumes that Mr. Aziz is attempting to bring federal claims against the defendants pursuant to 42 U.S.C. § 1983. The complaint contains no statement of what personal rights secured by the Constitution were allegedly violated by the defendants. Mr. Aziz states that the defendants acted contrary to state statutes, specifically "N.J.S.A. 2C:16; 2C:30-2, 2C:30-2[4]; 2C30-6 and 2C:30-7."[1] The complaint never refers to, nor can the Court glean, any applicable provision of federal law or the United States Constitution. Nor does it state what federal right is implicated by the allegations regarding the July 11, 2011 altercation at police headquarters and the internal affairs investigation. The state statutes cited in the complaint generally have civil rights as their subject matter, but a general statutory citation does not satisfy the *Iqbal/Twombly* standard for stating a constitutional claim. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.")

One area of the complaint that does deserve further discussion. The complaint alleges that the defendants purportedly purposefully intended to intimidate Mr. Aziz on the basis of race. I assume that this is a reference to statements allegedly made by Elizabeth Police officers on July 11, 2011. The complaint states that Alvarez told Mr. Aziz that he would love to lock his "black ass up. But whatever you did, you got away with that one. Now get the fuck outta here." (Dkt. No. 1 at p. 9.) Nevertheless, "allegations of verbal abuse or threats, absent any injury or damage, are not cognizable under § 1983." *Brown v. Hamilton Twp. Police Dep't Mercer Cnty., N.J.*, 547 F. App'x 96, 97 (3d Cir. 2013) (per curiam) (citing *McBride v. Deer*, 240 F.3d 1287, 1291 n.3

---

[1] N.J. STAT. ANN. § 2C:16 is a bias intimidation statute. Section 2C:30-2 refers to acts of official misconduct. Section 2C:30-6 refers to official deprivation of civil rights. Section 2C:30-7 refers to patterns of official misconduct.

6

(10th Cir. 2001); *Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997)); *see also Mugavero v. Town of Kearny*, No. 12-2439, 2013 WL 3930120, at *3 (D.N.J. July 30, 2013) ("[R]acially discriminatory statements, racial slurs, and racial epithets, on their own, fail to establish liability under section 1983.") (citations omitted).

Such statements, if they occurred, obviously should not be condoned. But mere statements, without more, do not state a § 1983 claim upon which relief may be granted.

Because Mr. Aziz fails to allege any Constitutional of federal right that was owed to him that was purportedly violated, the Court will dismiss the federal claims without prejudice.

B. State Law Claims

Mr. Aziz also is apparently attempting to raise state law claims in the complaint. As the federal claims have been dismissed, the remaining potential basis for this Court's jurisdiction over plaintiff's state law claims is supplemental jurisdiction pursuant to 28 U.S.C. § 1367. When a court has dismissed all claims over which it had original federal-question jurisdiction, it has the discretion to decline to exercise supplemental jurisdiction over the remaining state law claims. *See* 28 U.S.C. § 1367(c)(3). Because Mr. Aziz's federal claims have been dismissed at the earliest possible stage, I will exercise my discretion to decline supplemental jurisdiction over the state law claims. They may be pursued, if anywhere, in state court.

C. Motion for Injunction

Mr. Aziz has also filed a motion for an injunction. The motion for an injunction is against Brian Riordan, the Director of the Union County Jail, and the Union County Department of Corrections. Mr. Aziz requests an injunction preventing them from further confining him within the Union County Jail. He states that he has an active pending matter against Union County officials and there is a conflict of interest by continuing to be detained within the Union County

Jail. He claims that he is being harassed and targeted by Correctional Officers, being denied law library services, being denied medical services and that his mail is being tampered with. Accordingly, Mr. Aziz seeks an order from this Court removing him from the Union County Jail.

To secure the extraordinary relief of a preliminary injunction or a temporary restraining order ("TRO"), a plaintiff must demonstrate that "'(1) he is likely to succeed on the merits; (2) denial will result in irreparable harm; (3) granting the injunction will not result in irreparable harm to the defendants; and (4) granting the injunction is in the public interest.'" *Barber v. Sharp*, No. 10-5286, 2011 WL 2223651, at *15 (D.N.J. June 2, 2011) (citing *Maldonaldo v. Houston*, 157 F.3d 179, 184 (3d Cir. 1998) (as to preliminary injunction); *Ballas v. Tedesco*, 41 F. Supp.2d 531, 537 (D.N.J. 1999) (as to TRO)). A preliminary injunction grants 'intermediate relief of the same character as that which may be granted finally." *De Beers v. Consol. Mines v. United States*, 325 U.S. 212, 220 (1945). A plaintiff "must establish that all four factors favor preliminary relief." *Barber*, 2011 WL 2223651, at *15 (citing *Opticians Ass'n of Am. v. Indep. Opticians of Am.*, 920 F.2d 187 (3d Cir. 1990)).

Mr. Aziz's motion for an injunction will be denied. First, Brian Riordan and the Union County Department of Corrections are not named as defendants in this case. *See Ball v. Famiglio*, 396 F. App'x 836, 838 (3d Cir. 2010) (per curiam) (noting in affirming denial of preliminary injunction motion that individuals whose conduct was sought to be enjoined were not even named as defendants in the action).

Additionally, as detailed above, Mr. Aziz has failed to state a federal claim that entitles him to relief. Accordingly, it follows that he has not shown that he is likely to succeed on the merits of his claims in the complaint to warrant granting him preliminary injunctive relief.[2]

---

[2]   Mr. Aziz's statements about conditions at Union County Jail are unrelated to the claims in the complaint as they (a) do not arise out of the same transaction or occurrence and (b) do not

## V. CONCLUSION

For the foregoing reasons, Mr. Aziz's federal claims are dismissed without prejudice and the Court declines to exercise supplemental jurisdiction over his state law claims. Mr. Aziz's motion for an injunction is also denied. An appropriate order will be entered.

DATED: May 8, 2015

_____
KEVIN MCNULTY
United States District Judge

---

have a common question of law or fact as the complaint's allegations against the Elizabeth Police Department and Officers. *See* FED. R. CIV. P. 20(a)(2). If Mr. Aziz wishes to raise claims associated with the conditions of his confinement at the Union County Jail, he should do so by bringing such claims in a separate action, not as additional claims in this case.