UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ABDUL AZIZ,

    Plaintiff,

v.

ELIZABETH POLICE DEPARTMENT,

    Defendants.

Civ. No. 14-7296 (KM) (MAH)

**KEVIN MCNULTY, U.S.D.J.**

## I. INTRODUCTION

The plaintiff, Abdul Aziz, is detained at the Union County Jail in Union, New Jersey. Mr. Aziz is proceeding *pro se* with an amended civil rights complaint filed pursuant to 42 U.S.C. § 1983. Previously, this Court screened Mr. Aziz's original complaint. The federal claims were dismissed without prejudice and this Court declined to exercise supplemental jurisdiction over Mr. Aziz's state law claims. Thereafter, Mr. Aziz filed an amended complaint. (*See* Dkt. No. 12) Accordingly, the Clerk will be ordered to reopen this case so that the amended complaint can be screened.

This Court must review the amended complaint pursuant to 28 U.S.C. § 1915(e)(2(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. For the reasons set forth below, the federal claims will be dismissed without prejudice for failure to state a claim upon which relief may be granted. This Court will also decline to exercise supplemental jurisdiction over Mr. Aziz's state law claims. Mr. Aziz

shall be given one more opportunity to file a proposed second amended complaint should he elect to do so.

## II. BACKGROUND

The allegations of the amended complaint will be construed as true for purposes of this opinion. The amended complaint names the following defendants: (1) Elizabeth Police Department; (2) Humberto Alverez; (3) Paul McCrae; (4) Johnny Arrante; and (5) Niami Guillame.

Mr. Aziz's amended complaint centers on an incident that occurred at the Elizabeth Police Department headquarters on July 11, 2011. Mr. Aziz states that he went to the headquarters on July 11, 2011 to report an incident involving an injury to another person. He was met there by Alverez, who asked for Aziz's identification in order to check for outstanding warrants. Alverez also asked him where the incident had taken place. Mr. Aziz responded that he did not know the name of the street.

Alvarez allegedly responded to Mr. Aziz's statement as follows:

> Well there is no such report of anything even close to what you have just described to me. But I would love to lock your black ass up. But . . . whatever you did, you got away with that one. Now get the fuck outta here!!

(Dkt. No. 12 at p.9) Mr. Aziz then left police headquarters.

A short time later, Mr. Aziz returned to police headquarters. This time, he was met by McCrae. Mr. Aziz explained the situation to McCrae, who asked to see Mr. Aziz's identification. While McCrae was checking Mr. Aziz's identification, Alverez returned and consulted with McCrae. Thereafter, both McCrae and Alverez returned to the reception area desk and dismissed Mr. Aziz without further questioning. Mr. Aziz protested that he wanted someone to help him.

2

At this point, Arrante arrived and attempted to calm the situation. Arrante took down Mr. Aziz's name as well as the name of the injured person. Mr. Aziz was again sent on his way.

Mr. Aziz states that it was not until twelve hours later, after a 911 call was made, that his initial reports were deemed to be credible. Mr. Aziz states that a cover-up then began regarding the Police Department's failure to respond to his reports. Mr. Aziz was eventually charged with murder.

Mr. Aziz's original complaint was dismissed without prejudice. I noted that it was not entirely clear upon what personal rights secured by the Constitution were allegedly violated by the defendants. Mr. Aziz's claim regarding Alverez's direct statements to him, I wrote, did deserve further discussion. Nevertheless, I explained that verbal abuse or threats without any injury or damage were not cognizable under § 1983. (*See* Dkt. No. 7 at p.6)

Thereafter, Mr. Aziz filed an amended version of his complaint. Mr. Aziz now asserts that he was discriminated against based on his race, in violation of the equal protection clause of the Fourteenth Amendment. He seeks monetary damages in the amount of $5.5 million.

### III. LEGAL STANDARDS

Under the Prison Litigation Reform Act, Pub.L. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis, see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *see* 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(l)); *Courteau v. United States*, 287 Fed.Appx. 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), as explicated by the United States Court of Appeals for the Third Circuit. To survive the court's screening for failure to state a claim, the complaint must allege 'sufficient factual matter' to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

*Pro se* pleadings, as always, will be liberally construed. *See Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, *"pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the

4

> District of Columbia, subjects, or causes to be subjected, any
> citizen of the United States or other person within the jurisdiction
> thereof to the deprivation of any rights, privileges, or immunities
> secured by the Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other proper
> proceeding for redress, except that in any action brought against a
> judicial officer for an act or omission taken in such officer's
> judicial capacity, injunctive relief shall not be granted unless a
> declaratory decree was violated or declaratory relief was
> unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

### IV. DISCUSSION

A. Federal Claims

Mr. Aziz's amended complaint has not remedied the defects of his original complaint. As noted above, Mr. Aziz attempts to bring an equal protection claim based on the treatment he received from the defendants on July 11, 2011 at the Elizabeth Police Department headquarters.

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (citing *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). Thus, to state a class-based claim under the Equal Protection Clause, a plaintiff must allege that: (1) he is a member of a protected class; and (b) he was treated differently from similarly situated persons. *See id.*

5

In this case, however, Mr. Aziz has only alleged verbal harassment and a racially-based insult. Such language, assuming it was uttered, is indefensible, but without more it fails to support a § 1983 claim. "'The use of racially derogatory language, while unprofessional and deplorable, does not violate the Constitution.'" *Gannaway v. Berks Cnty. Prison*, 439 F. App'x 86, 91 (3d Cir. 2011) (quoting *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000); *Mugavero Town of Kearny*, No. 12-2439, 2013 WL 3930120, at *3 (D.N.J. July 30, 2013) ("[R]acially discriminatory statements, racial slurs, and racial epithets, on their own, fail to establish liability under section 1983.") (citations omitted). I stated as much in my previous opinion.

I will give Mr. Aziz a final opportunity to allege a federal constitutional claim in a proposed second amended complaint, should he elect to do so.

For the guidance of this *pro se* plaintiff, I also point out that these section 1983 claims appear on their face to be barred by the applicable two-year statute of limitations. They would be dismissed on that alternative grounds as well.

Section 1983 claims are subject to the New Jersey two-year statute of limitations for personal injury claims. *See Patyrak v. Apgar*, 511 Fed.Appx. 193, 195 (3d Cir. 2013) (per curiam) (citing *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010)). The date that a cause of action under § 1983 accrues is determined by federal law. *See Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) (citing *Genty v. Resolution Trust. Corp.*, 937 F.2d 899, 919 (3d Cir. 1991)). "Under federal law, a cause of action accrues, and the statute of limitations begins to run when the plaintiff knew or should have known of the injury upon which its action is based." *Id.* (internal quotation marks and citations omitted). "As a general matter, a cause of action accrues at the time of the last event necessary to complete the tort, usually at the time the plaintiff suffers an injury." *Id.* (citing *United States v. Kubrick*, 444 U.S. 111, 120 (1979)).

The amended complaint arises from a purported incident that occurred at the Elizabeth Police Department headquarters on July 11, 2011. Mr. Aziz's claims surely accrued at that time, as Mr. Aziz was present and knew of the injury upon which his action is based. Mr. Aziz did not file the original complaint until more than three years later, in November, 2014.

"'State law, unless inconsistent with federal law, ... governs the concomitant issue of whether a limitations period should be tolled.'" *McPherson v. United States*, 392 Fed.Appx. 938, 944 (3d Cir. 2010) (quoting *Dique*, 603 F.3d at 185). New Jersey sets forth certain bases for statutory tolling. *See, e.g.*, N.J. STAT. ANN. § 2A: 14-21 (detailing tolling because of minority or insanity); N.J. STAT. ANN. § 2A: 14-22 (detailing tolling because of non-residency of persons liable). Additionally, New Jersey "permits equitable tolling where 'the complainant has been induced or tricked by his adversary's misconduct into allowing the deadline to pass,' or where a plaintiff has 'in some extraordinary way' been prevented from asserting his rights, or where a plaintiff has timely asserted his rights mistakenly by either defective pleading or in the wrong forum." *Cason v. Arie Street Police Dep't*, No. 10-0497, 2010 WL 2674399, at *5 n.4 (D.N.J. June 29, 2010) (citing *Freeman v. State*, 347 N.J. Super. 11, 31 (N.J. Sup. Ct. App. Div. 2002)).

In any second amended complaint that Mr. Aziz may elect to file, he shall expressly and specifically explain why his section 1983 claims are not barred by the two-year statute of limitations.

B. State Law Claims

Mr. Aziz is also attempting to bring state law claims in his amended complaint. The only potential basis for this Court's jurisdiction is supplemental jurisdiction pursuant to 28 U.S.C. § 1367. When a court has dismissed all claims over which it had original federal-question jurisdiction, however, it has the discretion to decline to exercise supplemental jurisdiction over

the remaining state law claims. *See* 28 U.S.C. § 1367(c)(3). As Mr. Aziz's federal claims have been dismissed at the outset for failure to state a claim upon which relief may be granted, the Court will exercise its discretion to decline supplemental jurisdiction over his state law claims.

## V. CONCLUSION

For the foregoing reasons, the amended complaint will be dismissed without prejudice to the submission of a proposed second amended complaint that remedies the deficiencies of the amended complaint. Because this is Mr. Aziz's third opportunity to file an adequate complaint, any subsequent dismissal is likely to be with prejudice. An appropriate order will be filed.

DATED: July 12, 2017

KEVIN MCNULTY
United States District Judge